UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARL ECHOLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:16-cv-2007-JMS-DKL |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The question presented by this action for habeas corpus relief brought by Carl Echols, a state prisoner, is whether the prison disciplinary proceedings he challenges are tainted by constitutional error.

*Wolff v. McDonnell,* 418 U.S. 539 (1974), prescribes the procedural protections afforded an inmate who faces the loss of earned good time or a demotion in time earning classification.

> Where a prison disciplinary hearing may result in the loss of good time credits, *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-567.

*Superintendent v. Hill,* 472 U.S. 445, 454 (1985).

In the present case, the pleadings and the expanded record show that a conduct report was issued in No. WVD 16-02-0091 charging Echols with assault on staff, and that a conduct report was issued in No. WVD 16-02-0090 charging Echols with fleeing or resisting staff. These charges were based on events which occurred shortly after noon on February 17, 2016 in a housing unit at the Wabash Valley Correctional Facility, an Indiana prison. The conduct reports are similar:

- Shortly after noon on February 17, 2016, Echols was instructed to undergo a "bed move." This meant that he was to be assigned from a lower bunk to an upper bunk in the same cell.

- Echols became agitated and announced that he was refusing the bed move.

- Echols was placed in mechanical restraints and taken to a nearby area so that his cellmate could complete his portion of the bed move. In then being escorted back to his cell, Echols began resisting staff. This consisted, in part, of kicking Sgt. W. Garrison in the right knee.

Echols was notified of the charges on February 22, 2016 and also notified of his procedural rights in connection with the matters. A hearing in No. WVD 16-02-0091was conducted on February 25, 2016. Echols was present. He did not make a statement concerning the charge and refused to answer the hearing officer's questions. The hearing officer considered the conduct report and the other evidence and found Echols guilty of assault on staff. Echols was disciplined, and this action was filed after his administrative appeal was concluded. A hearing in No. WVD 16-02-0090 was conducted on March 2, 2016. Echols was present. He acknowledged his understanding of the charge and of the hearing. He submitted a witness statement concerning the charge. The hearing officer considered Echols' position in the matter, together with the other evidence, and found Echols guilty of the charged misconduct. Echols was disciplined, and this action was filed after his administrative appeal was concluded.

The evidence in No. WVD 16-02-0090 and in No. WVD 16-02-0091was constitutionally sufficient and Echols does not argue otherwise. He does contend, however, that he was denied evidence.

Applicable law and the expanded record show that Echols' claim lacks merit. First, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so constitutes procedural default. The denial-of-evidence claim in Echols' habeas petition was not presented in his administrative appeals and hence has been procedurally defaulted. Echols could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Echols has not shown cause for and prejudice from his failure to appeal. Accordingly, the Court is precluded from reaching the merits of the habeas claim.

Second, and apart from procedural default, Echols' claim lacks merit. *Wolff* gives prison officials flexibility to keep the hearing within reasonable limits and allows them to refuse to call witnesses when doing so would risk reprisal or undermine authority, or when the evidence would be irrelevant, unnecessary, or hazardous. *Wolff,* 418 U.S. at 566. "[T]he right to call witnesses [is] a limited one, available to the inmate 'when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.'" *Ponte v. Real,* 471 U.S. 491, 499 (1985) (quoting *Wolff,* 418 U.S. at 566); *see also Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."). Echols requested statements from inmates who he describes as having been standing around the cell area, but he did not provide the names of such persons and did not alert prison authorities to what information he believed those persons could supply. It was not unreasonable for administrators to have denied this portion of his request. He also requested evidence concerning the bed move, but the reason for the bed move was not relevant to Echols'

behavior from the standpoint of sanctioning his violation of prison rules and the orders he received. Prison administrators need not provide irrelevant or inculpatory evidence. *Jones v. Cross,* 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan,* 485 F.3d 934, 939-40 (7th Cir. 2007).

Echols also requested an audio recording of pertinent events, but no such recording existed or exists. No disclosure can be made of evidence which does not exist. A video record did exist and was considered, but it had no audio component.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charges, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Echols to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: December 28, 2016

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Carl Echols
866351
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only

Electronically Registered Counsel